IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE WESTON, et al., | No. 2:15-cv-0240-CMK-P |
| Plaintiffs, | |
| vs. | ORDER |
| STELLA DE LA CRUZ, et. al., | |
| Defendants. | |

      Plaintiff Weston is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. It appears that plaintiff Weston has attempted to include her daughter, Cherelle Howze as a plaintiff in this action as well. However, Ms. Howze has not appeared on her own and she has not signed any of the documents submitted to the court. Pending before the court are plaintiff Weston's application to proceed in forma pauperis and the complaint.

      There are a number of deficiencies in this case. First, plaintiff Weston's application to proceed in forma pauperis is incomplete. A complete application to proceed in forma pauperis, along with a certified copy of his trust account statement for the six-month period immediately preceding the filing of the complaint, or the required filing fee, is required before this case could continue. See 28 U.S.C. §§ 1914(a), 1915(a), (a)(2). As plaintiff was a

county jail inmate at the time of filing this action, plaintiff will be provided the opportunity to submit a new, completed application to proceed in forma pauperis or the appropriate filing fee. Plaintiff is warned that failure to resolve the fee status of this case within the time provided may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

Second, proceeding with two plaintiffs who may or may not be incarcerated are not permitted by the rules of this court.  It appears that plaintiff Weston is incarcerated and plaintiff Howze is not.  The rules in this court concerning incarcerated litigants are materially different than the rules concerning persons who are not incarcerated.  If both plaintiffs are incarcerated, in this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Given the status of the plaintiffs in this action, the court finds it appropriate to drop a party from this action.  As the complaint and all documents submitted to the court are signed only by plaintiff Weston, it is clear that she is the actual instigator of this action.  Plaintiff Weston will be allowed to proceed in this action, but plaintiff Howze will be dismissed without prejudice to bringing her own action if that is her intent.  To the extent plaintiff Weston is attempting to act on behalf of plaintiff Howze, such representation by a non-attorney is not permitted.  "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him . . . [and she] has no authority to appear as an attorney for others than himself."  C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (internal citations and quotations omitted).

/ / /

Finally, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Here, plaintiff's complaint is unclear. It appears that plaintiff is upset with the charges brought against her, the treatment of her personal property by the Sheriff's office, and her treatment while in jail. She claims her Eighth Amendment rights have been violated. She is requesting the charges against her be dropped, that she be released, and awarded monetary damages. However, she fails to allege who did what to her and how that activity would be a violation of her rights.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or

3

1  omits to perform an act which he is legally required to do that causes the deprivation of which
2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and
3  conclusory allegations concerning the involvement of official personnel in civil rights violations
4  are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the
5  plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged
6  constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

7  Plaintiff's complaint is vague at best. She fails to allege sufficient facts for the
8  court to determine whether she can state a claim for violation of her Eighth Amendment rights.
9  The treatment a prisoner receives in prison and the conditions under which the prisoner is
10 confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual
11 punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S.
12 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity,
13 civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).
14 Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452
15 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing,
16 shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080,
17 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two
18 requirements are met: (1) objectively, the official's act or omission must be so serious such that it
19 results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively,
20 the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.
21 See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must
22 have a "sufficiently culpable mind." See id. Allegations of verbal harassment do not state a
23 claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . .
24 cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th
25 Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d
26 1318 (9th Cir. 1998). In addition, the prisoner must show that the verbal comments were

1  unusually gross, even for a prison setting, and that he was in fact psychologically damaged as a
2  result of the comments.  See Keenan, 83 F.3d at 1092.  While it appears plaintiff is unhappy with
3  her treatment, the only adverse treatment alleged is that she was harassed, which is insufficient to
4  state a claim.
5         In addition, to the extent she is attempting to challenge her incarceration, she
6  cannot state a claim under 42 U.S.C. § 1983.  When a state prisoner challenges the legality of his
7  custody and the relief he seeks is a determination that he is entitled to an earlier or immediate
8  release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal
9  remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500
10 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa
11 Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking
12 monetary damages or declaratory relief alleges constitutional violations which would necessarily
13 imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison
14 disciplinary hearing resulting in imposition of a sanction affecting the overall length of
15 confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has
16 first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See
17 Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable
18 because allegations were akin to malicious prosecution action which includes as an element a
19 finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120
20 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because
21 allegations of procedural defects were an attempt to challenge substantive result in parole
22 hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because
23 challenge was to conditions for parole eligibility and not to any particular parole determination);
24 cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in
25 procedures for determining when an inmate is eligible for parole consideration not barred
26 because changed procedures would hasten future parole consideration and not affect any earlier

parole determination under the prior procedures).

Because plaintiff's complaint is vague and conclusory, the court cannot determine if plaintiff will be able to state a claim. However, it is possible that the deficiencies identified in this order may be cured by amending the complaint, so plaintiff will be granted leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Howze is dismissed from this action without prejudice;

2. Plaintiff Weston's motion to proceed in forma pauperis (Doc. 2) is denied

without prejudice;

3. The Clerk of the Court is directed to send plaintiff Weston a new form Application to Proceed In Forma Pauperis By a Prisoner;

4. Plaintiff Weston shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the required certified copy of his trust account statement, or the appropriate filing fee;

5. Plaintiffs' complaint is dismissed with leave to amend;

6. Plaintiff Weston shall file an amended complaint within 30 days of the date of service of this order; and

7. Plaintiff Weston's failure to comply with this order will result in the dismissal of this action.

DATED: December 12, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE